HANSEN v. AMERICAN TRADING CO.

(Circuit Court of Appeals, First Circuit.   October 31, 1913.)

No. 1,029.

1. SHIPPING (§ 106*)—BILLS OF LADING—DUTY OF MASTER TO ISSUE.

Under Harter Act Feb. 13, 1893, c. 105, § 4, 27 Stat. 445 (U. S. Comp. St. 1901, p. 2947), it is the duty of a master on the loading of his vessel to tender a bill of lading, although the charterer has not submitted a correct bill as required by the charter party.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 225, 226, 414–419; Dec. Dig. § 106.*]

2. SHIPPING (§ 175*)—DEMURRAGE—DELAY THROUGH MUTUAL FAULTS.

Demurrage is not recoverable for the detention of a vessel after she was loaded because of a dispute in respect to the bill of lading where both parties were in the wrong, and the delay was not unreasonable under the circumstances.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 572–574; Dec. Dig. § 175.*

Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Libel by the American Trading Company against the bark Loch Rannoch and cross-libel by J. L. Hansen, master of said bark, against the American Trading Company. Decree for charterer on the cross-libel, and cross-libelant appeals. Affirmed.

For opinion below, see 192 Fed. 219.

G. Philip Wardner, of Boston, Mass. (Carver, Wardner, Cavanagh & Walker, of Boston, Mass., on the brief), for appellant.

Addison C. Burnham, of Boston, Mass. (Blodgett, Jones, Burnham & Bingham, of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Judges.

PUTNAM, District Judge.   This appeal originated in a libel and a cross-libel, the libel having been brought by the American Trading Company, owner of the cargo and charterer, against the bark Loch Rannoch, of which Hansen was the master, for undertaking to sail from the port of Bangor without furnishing a proper bill of lading, over the terms of which the parties were in dispute. On this libel the vessel was seized. The cross-libel by the master of the vessel claimed demurrage and diminution of freight on the cargo, and some expenses. The libel was decided in favor of the charterer, and nominal damages were awarded against the master. On the face of the opinion all the questions herein involved were disposed of; and the decree entered against the master operated as an estoppel against the cross-libel on this appeal. Nevertheless, by the consent of the parties, the questions which we will discuss are left open.

The dispute out of which the questions as to the bill of lading arose involved, first, a claim that the bill of lading presented by the char-

terer did not cover the entire amount of the superficial area of the shipment, which was lumber, the freight to be paid according to the number of superficial feet thereof; and, second, a contention that the bill of lading overstated the number of pieces of lumber shipped, throwing on the vessel the possibility of a claim at the port of discharge for shortage in that particular.

The findings of the learned judge of the District Court were to the effect that there was a custom or usage at the loading port and other ports of the state of Maine, by which a certain departure from the exact mathematical dimensions called for by the charter was allowable. This allowable variation stood in the way of the claim of the vessel for additional freight. The case, however, now leaves the question open whether or not the vessel was right with regard to the dispute which arose over the statement of the number of pieces of lumber shipped.

The brief for Captain Hansen says as follows:

"The appellant," that is, Hansen, "refused to sign the bills because they were not true bills; they were not true in his mind for two reasons, namely: Because they overstated the pieces and because they understated the feet. Although he was wrong on the second point, he was right on the first, and the bills were not true bills, and he was right in refusing to sign them."

Both parties at the outset were in the wrong, the captain as well as the shipper. Section 4 of the act of February 13, 1893, known as the Harter Act (27 Stat. 445, c. 105), expressly imposed on the master the duty of issuing a bill of lading, giving the details of the cargo, which, of course, was to be a true bill. The master never tendered it, although the provision in the charter that the charterer should submit a bill of lading did not relieve him from the ultimate performance of his statutory duty. In accordance with the statement in his brief, both he and the charterers were at fault; and it was this mutual fault which led to the delays which subsequently occurred, until finally there was a compromise, and the vessel was bonded. The vessel, being at Bangor, and afterwards down the Penobscot river, and the counsel being at Portland, where the Admiralty Court was, and also at Boston, the delay was not longer than might have been anticipated, under the circumstances, as the result of a mutual error. The loading of the vessel was finished on November 18th, and the bills of lading were first presented by the charterer that day, and objected to that day or the next day by the master of the vessel, for the reasons already stated. The vessel finally got to sea on December 12th, a detention which was not extraordinary under the circumstances, and which might reasonably have been expected to have been the ordinary result of the misunderstanding between the parties we have already stated. The parties were each in the wrong, and were jointly liable for the detention of the vessel, so that, under the circumstances, the master can claim neither the demurrage nor the disbursements to which the case relates. A very precise balancing of events pro and con might leave one party or the other a little more at fault, but it is a balancing which the courts are not required to make.

The decree of the District Court dismissing the libel is affirmed; and the appellee recovers its costs of appeal.